## WALDHOEFFER VS. FALK.

Where a life estate is given in express terms, a doubt as to wno will be entitled to the remainder will not enlarge the life estate to a fee.

Error to the Common Pleas of Lancaster County. No. 19 July Term, 1884.

This was a case stated for the opinion of the Court as follows:

John Waldhoeffer, of the City of Lancaster, died on the ninth day of December, A. D. 1878, without issue or known relatives, after having made his last will and testament, bearing date the ninth day of April, A. D. 1878, duly prover, and remaining of record in the Register's office at Lancaster in Will Book D, Vol. 1, p 82, wherein and whereby he devised and bequeathed, inter alia, as follows, to wit:

"ITEM—After the payment of all my just debts and funeral expenses, I give, devise and bequeath my entire estate, real, personal and mixed, to my dear wife Victoria to be used and enjoyed by her as long as she lives.

"ITEM—After the death of my dear wife I do order and direct whatever shall be left of my estate shall be converted into cash, and the same I direct to be paid Pater Ignatius Segerer in trust for the St. Joseph's Hospital now about being erected on the corner of College Avenue and the Marietta turnpike, and in case he, Pater Ignatius Segerer, should no longer and then be connected with said institution, then the same is to be paid to whomever may be his successor, and in case said institution should in the meantime or any time hereafter become incorporated, then said estate after the death of my said wife shall be paid to the proper officers of said corporation for the absolute use of the same."

The whereabouts of the said Pater Ignatius Sagerer, in the above in part recited last will and testament named, are unknown, he having abandoned, since the month of June, A. D. 1882, the said St. Joseph's Hospital for hospital purposes after there had been a levy and sale upon execution of all the personal effects on said premises. The said building was levied upon and sold as the property of P. Ignatius Segerer to Michael Haberbush, on the eleventh day of August, A. D. 1883.

The said Victoria Waldhoeffer, having lost by investment or exhausted in her support all the personal estate of the said John Waldhoeffer, to wit: the sum of four hundred and thirty-five dollars, and being without any estate of her own or means of livelihood, did on the sixth day of August, A. D. 1883, enter into articles of agreement with the said Charles Falk for the sale of the only remaining portion of the estate of the said John Waldhoeffer, deceased, the rent of which was insufficient for her support, being a lot of ground situated on the south side of Manor street (No. 764) in the City of Lancaster, with a frontage on said street of fifty-two feet more or less, and a depth to Lafayette street of two hundred and eighty feet, more or less, on which is erected a two-story brick dwelling house and other improvements. And in said

142 WALDHOEFFER VS. FALK.

articles, the said Victoria Waldhoeffer did covenant and agree
to make, execute and deliver to the said Charles Falk, a good
and sufficient deed for the proper conveying and assuring of
the above described premises in fee simple and free from all
incumbrance, on the first day of September, A. D. 1883. In
consideration whereof, the said Charles Falk promised and
agreed to pay to the said Victoria Waldhoeffer, the sum of
thirteen hundred and fifty dollars upon the execution and de-
livery of said deed, to wit: on the first day of September, A.
D. 1883, as in and by said agreement, made part of this case,
more fully appears.

In pursuance of the above mentioned agreement the said
Victoria Waldhoeffer tendered, on the first day of September,
A. D. 1883, a deed of conveyance to the said Charles Falk and
demanded payment of the purchase money, but the said Charles
Falk refused to accept the said deed and to pay the said pur-
chase money, alleging that she, Victoria Waldhoeffer, could
not convey an indefeasible title in fee simple to him, the said
Charles Falk, his heirs and assigns.

If the Court be of opinion that the said Victoria Wald-
hoeffer is so seized of the above described premises, as that
she can convey an indefeasible title in fee simple in execution
of said agreement, to the said Charles Falk, his heirs and
assigns, free and discharged of all trusts of any kind, then
judgment to be entered for the plaintiff for the sum of thir-
teen hundred and fifty dollars with stay of execution to April
1, 1884, but, if not, then judgment to be entered for the
defendant.

The costs of this suit, in either event, it is agreed, shall
follow the judgment, and both parties reserve the right to sue
out a writ of error.

---

The Court entered judgment in favor of the defendant on
November 17th, 1883, in the following opinion, per

LIVINGSTON, P. J.:

In this case we are of opinion that the question presented is
fully answered in and must be governed by Follweiler's Ap-
peal, 13 W. N. C., 347, and that plaintiff, Victoria Wald-
hoeffer, cannot convey an indefeasible title in fee simple in

execution of her agreement to Charles Falk, the defendant, his heirs and assigns for said real estate free and discharged from all liens of any kind. We, therefore, in accordance with the terms of the case stated, enter judgment in favor of the defendant.

Victoria Waldhoeffer then took a writ a writ of error, complaining of the entry of judgment in favor of the defendant.

*John A. Coyle* and *W. A. Atlee, Esqs.*, for plaintiff in error, argued that the testator intended his wife to use whatever was necessary of his estate to support herself and cited Rewalt vs. Ulrich, 23 Pa., 391; Postlethwaite's Appeal, 68 Pa., 477; Church vs. Disbrow, 52 Pa., 219; Jaurechte vs. Proctor, 48 Pa., 466; Hambright's Appeal, 2 Grant, 320; Fitzwater's Appeal, 94 Pa., 141; Fox's Appeal, 99 Pa., 382; Lininger's Appeal, 12 W. N. C., 512; Pennock's Estate, 20 Pa., 268; Cox vs. Rogers, 77 Pa., 160; Heilman vs. Bouslough, 13 Pa., 344.

*W. A. Wilson, Esq.*, contra.

The Supreme Court affirmed the judgment of the Common Pleas on June 2d 1884, in the following opinion:

Per Curiam.

The learned judge correctly held the plaintiff could not convey the premises by an indefeasible title in fee simple. Under the will of her husband she took a life estate only. It was not enlarged by any subsequent provision in the will, nor by the doubt which may exist as to who will ultimately receive the remainder. There is no averment in the case stated that the testator did not have heirs who would have inherited had he died intestate. We will not presume that to exist which is not averred. If necessary to give a fee to the plaintiff it should be shown as a fact.

Judgment affirmed.